Barnard, P. J.
The plaintiff, while at work in the defendant’s factory, had his fingers cut by a circular saw. He was an employee, and was hired to do work as a cabinet maker, including sawing and boring. The plaintiff had bi en at work for the defendants about a month when he used a saw, circular, set in a table, and about an inch and a quarter above the surface of the table. In sawing a piece of white wood, after about ten inches of the piece was sawed, the wood flew back and struck plaintiff on the edge of the hip. and when he looked up he saw that his fingers were cut. The saw was a rip-saw, and was used as such, but the plaintiff claimed that it was a rabbiting and grooving saw, and that it differed from the ordinary rip saw in that its edge was narrower, and that to use it as a rip-saw it ought not to be set above half an inch. The plaintiff is an accomplished workmen and knew the difference between rip and cross-cut saws. There was nothing in this saw which made it a dangerous machine and cálling for instructions. The case shows that the saw was apparent to the view. Upon the plaintiffs testimony there does not seem to be proven, a case of neglect. The witness Callahan, called by plaintiff, testifies that the saw a regular rip-saw in all respects. The case .was not proven on either theory, DeGraff v. N. Y. Cent., etc. (76 N. Y., 125), and the judgment should be affirmed, with costs.
Dykman and Pratt, JJ., concur.